FILED

10 JUL 27 AM 9:29

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>                        Plaintiff,<br>vs.<br><br>HOT TOPIC, INC. dba HOT TOPIC #4 PLAZA BONITA,<br><br>                        Defendant. | CASE NO. 10cv1111 BEN (AJB)<br><br>**ORDER DENYING APPLICATION TO STAY AND STRIKING PLAINTIFF'S DECLARATION** |

On June 29, 2010, Defendant Hot Topic filed an "Application for Stay of Proceedings and Early Evaluation Conference Pursuant to New California Civil Code § 55.54(d)." Dkt. No. 6. On July 6, 2010, Plaintiff's counsel, Lynn Hubbard III, filed a "Declaration of attorney Lynn Hubbard" attempting to address Defendant's application for a stay and notice of related case and requesting a continuance of Defendant's recently filed motion for summary judgment. Dkt. No. 14. For the reasons discussed below, Defendant's request for a stay pursuant to California Civil Code § 55.54(d) is denied and Plaintiff counsel's Declaration is stricken from the record.

**I.  Application to Stay and Order Early Neutral Evaluation Conference Pursuant to California Civil Code § 55.54(d)**

Defendant requests an order staying this case pursuant to § 55.54(d). This provision outlines a mandatory procedural requirement for a state court to order a 90-day stay of proceedings and set a mandatory early evaluation conference between 21 and 50 days after the order is issued in cases involving certain types of construction-related accessibility claims. CAL. CIV. CODE § 55.54.

"[U]nder the *Erie* doctrine, federal courts siting in diversity apply state substantive law and federal procedural law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426 (1996)). This doctrine also applies in federal question cases if a supplemental claim has its source in state law. *Felder v. Casey*, 487 U.S. 131, 151 (1988). Whether a state law is procedural or substantive depends on whether the application of the state law will "significantly affect the *result* of the litigation" — the outcome determination test. *Snead*, 237 F.3d at 1090 (emphasis added). Here, the state procedural requirements of § 55.54(d), mandating a stay of the case and an early evaluation conference within a set time frame, may impact the expediency of the resolution of the case, much like the Early Neutral Evaluation conference in the Southern District often expedites the resolution of a case. But, § 55.54(d) is not likely to change the end result of the litigation because it simply dictates a mechanism for scheduling the case.

Accordingly, Defendant's request for an order staying the case and ordering an early evaluation conference pursuant to § 55.54(d) is **DENIED**.

## II.     Plaintiff Counsel's Declaration

Plaintiff counsel's July 6, 2010 declaration contains improper argument presented in an improper format. Dkt. No. 14. Such substantive arguments are properly included in a memorandum of points and authorities in support of or opposition to a motion, not a declaration. Accordingly, counsel's Declaration shall be stricken.

**IT IS SO ORDERED.**

DATED: July 16, 2010

Hon. Roger T. Benitez
United States District Court Judge